SO ORDERED: March 28, 2005.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BURLINGTON MOTOR CARRIERS, | ) | CASE NO. 01-10409-AJM-11 |
| INC., JOLLIFF TRANSPORTATIONS, | ) | CASE NO. 01-10410-AJM-11 |
| INC., and BURLINGTON EQUIPMENT, | ) | |
| INC. | ) | Jointly Administered under |
| | ) | Case No. 01-10409-AJM-11 |

**CLARIFICATION OF JANUARY 16, 2003 ORDER**

*Background*

It has been alleged that, in November, 2001, a truck owned by Burlington Motor Carriers, Inc. ("BMC") and driven by its employee, Eric Randolph, struck a car driven by Tina Graziani ("Graziani"). Seven months later, on July 9, 2001, (the "Petition Date"), BMC filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. When Graziani on March 22, 2002 sued BMC and Randolph in Beaver County, Pennsylvania (the "State Trial Court") for injuries sustained, apparently she was

1

not aware of BMC's pending bankruptcy. A copy of Graziani's complaint was served on BMC but because the automatic stay had been imposed by its chapter 11 filing, BMC filed nothing in the State Court Action.  Consequently, Graziani filed a motion for default judgment and a default judgment was entered against BMC in Graziani's favor on June 18, 2002.  It was not until Graziani moved for a non-jury trial to establish damages in the State Trial Court that counsel for BMC appeared by counsel and notified both the State Trial Court and Graziani of its pending bankruptcy.  Graziani's motion was denied.  After the denial of that motion, the parties engaged in settlement discussions but failed to reach a settlement.

By January, 2003, the BMC case had converted to a chapter 7 case and Robert Koor had been appointed the chapter 7 trustee.  On January 16, 2003, Graziani and Koor entered into an "Agreed Order" which was approved by this Court on January 23, 2003.  The Agreed Order provided in part, that:

> 5. Plaintiff is an individual who has filed a currently pending suit against one or more of the Debtors in The Court of Common Pleas of Beaver County, Pennsylvania under Case No. 10501 of 2002 (the "Pending Action").
>
> 6. The Plaintiff's claim in the Pending Action arises from events occurring prior to the Petition Date
>
> 7. The Plaintiff wishes to continue litigation of the Pending Action.
>
> 8. The Trustee intends to exercise his discretion pursuant to F.R.B.P. 6009 not to appear or defend in the Pending Action.
>
> 9. The Trustee has no objection to the continued litigation of the Pending Action except to the extent that such continued litigation creates a

financial burden upon the bankruptcy estates.

10. The Trustee and the Plaintiff hereby agree:

a. that the automatic stay in these cases arising pursuant to Section 362 of the Bankruptcy Code should be modified to permit continued litigation of the Pending Action against the Debtors; ...

d. That, unless further ordered by this Court, the Plaintiff may enforce any judgment or settlement obtained in the Pending Action or otherwise only, but without further order of court, to the extent of either (a) the Debtors' insurance coverage (including any deposits or bonds securing deductibles) or (b) assets of non-debtors.

Griaziani again in the State Trial Court moved for a non jury trial to liquidate damages and BMC did not oppose the motion. Four days before the schedule trial on damages, BMC filed a Motion for Demand for Jury Trial, a Motion for Reconsideration, a Motion to Strike Complaint and to Strike and/or Open Default Judgments and a Petition for Recusal or Alternatively for a Hearing on Recusal. The State Trial Court found that the Agreed Order entered into between Graziani and Koor and approved by this Court indicated an intent that the Pending Action proceed as originally filed, and that Graziani need not file a new complaint. [1] The State Trial Court also found that this

---

[1] The State Trial Court found that if the filing of Graziani's complaint were not given retroactive effect such that she would have to re-file the complaint, she would be barred from doing so by the applicable statute of limitations. This is not the case. Bankruptcy Code Section 108(c) extends the applicable statute of limitations (where it has not yet expired as of the date the bankruptcy is filed) until the later of (1) the end of such applicable limitations period, including any suspension on or after the bankruptcy filing or (2) 30 days after notice of the termination of the stay with respect to such claim. In addition, as pointed out by the dissent on page 31 of the Superior Court opinion, 42 Pa. C.S. §5535 specifically tolls the statute of limitations where a 'civil action or proceeding has been stayed by a court or by statutory prohibition'.

3

Court's approval of the Agreed Order gave retroactive effect to the default judgment entered June 18, 2002. The State Trial Court denied BMC's request to strike or open the default judgment. BMC appealed the State Trial Court's decision to the Superior Court of Pennsylvania and on August 15, 2004, that court held that the Agreed Order applied retroactively to the filing of Graziani's complaint and the default judgment and that the default judgment would not be opened. On March 16, 2005, the Supreme Court of Pennsylvania denied BMC's Petition for Allowance of Appeal. According to BMC, it has fifteen (15) days to file with the Supreme Court of Pennsylvania a motion to reconsider.

Given certain motions that have been filed in this Court, it has come to the attention of this Court that its approval of the Agreed Order has been used by the State Trial Court and the Superior Court of Pennsylvania (collectively, the "Pennsylvania State Courts") to give retroactive effect to not only the Graziani's filing of the State Court complaint but also to the default judgment entered against BMC on June 18, 2002. Based on the ambiguity that apparently exists in this Court's January 16th Order, the Court sua sponte under §105(a) of the Bankruptcy Code [2], hereby CLARIFIES that January 16th Order, approved January 23rd, for the reasons set forth below.

## *Discussion*

BMC's chapter 11 bankruptcy filing automatically stayed the filing of all pre Petition Date actions that had been or that could have been brought against it.

---

[2] See also, *In re Kewanee Boiler Corp*., 270 B.R. 912, 917 (Bankr. N. D. Ill. 2002) ( a bankruptcy court retains jurisdiction to enforce and interpret its own orders); *Phoenix American Life Insurance Co. v. Devan,* 308 B.R. 237, 242 (D. Md. 2004) (bankruptcy court deemed in best position to interpret its own orders).

4

Graziani, unaware of the automatic stay, filed her complaint and obtained her default judgment before obtaining relief from the stay in this Court, despite the fact that BMC was stayed even from responding to the complaint or that BMC's filing of a response could have been seen as a waiver of the stay. See, *Matter of United States Abatement Corp.*, 152 B.R. 78, 80 (Bankr. E. D. La. 1993) (..."the automatic stay only operates in actions where the debtor is in a defensive posture"). When Graziani did obtain such relief by agreement with the Trustee, the Agreed Order failed to recite that a default judgment had been taken against BMC; nor was this Court informed that a default judgment had been taken against BMC. The Agreed Order referenced the "Pending Action", which this Court interpreted as a pending complaint that had been filed against BMC. Such interpretation was based upon the definition of "pending" which means "remaining undecided" and "awaiting decision" [3]. It was this Court's belief that the matters which remained undecided concerned the allegations within the complaint. Consequently, this Court had no reason to believe that a default judgment had been entered during the pendency of the bankruptcy case while the automatic stay was in effect.

The Agreed Order even allowed Graziani to enforce any judgment or settlement obtained in the Pending Action as long as the enforcement was only against available insurance coverage and did not impact upon assets of the bankruptcy estate. But nothing on the face of the Agreed Order indicated that the litigation was at that point – that the "Pending Action" referred to in the Agreed Order had progressed to the point

---

[3] Black's Law Dictionary 1154 (7th ed. 1999).

that a default judgment had been taken.

The Pennsylvania State Courts, in part, premised their refusals to open the default judgment holding that the Agreed Order retroactively modified the automatic stay not only with respect to Graziani's filing of her complaint but also as to the entry of default judgment.  The Pennsylvania State Courts have given legal effect to the otherwise void (and not voidable) acts of the filing of a complaint and obtaining a default judgment during the pendency of the bankruptcy without first obtaining relief from the automatic stay.  At no time did any party bring to this Court's attention that a default judgment had been taken in this case and nothing on the face of Agreed Order indicates that the "Pending Action" had proceeded to a default judgment.  Using this Court's approval of that Order to validate the filing of the complaint so that Graziani would not have to file a new complaint may have been a fair reading from the face of the Agreed Order, given the fact that the Pennsylvania State Courts knew the complaint had been filed after the Petition Date.  But, using this Court's approval to validate the entry of default judgment where BMC was under no legal obligation to respond due to the fact that a stay was in effect with respect to all litigation only serves to deny BMC due process of law in being allowed to defend itself in the Pending Action.  Had this Court had been informed of such default judgment or that the approval of the Agreed Order would be used to deny BMC's substantive rights to due process, this Court would not have approved the parties' agreement.  Although this Court is aware of the cases where the automatic stay has been modified or annulled retroactively, neither the Pennsylvania State Court decisions nor Graziani point to any case where a *default judgment* taken in violation of the stay was later given retroactive effect.

6

Thus, this Court CLARIFIES its prior order of January 16, 2003 and finds that this Court's Order modifying the stay should be treated as retroactive only to the extent that Graziani need not re-file her complaint.  However, this Court's Order Modifying the Automatic Stay should not be treated as retroactive between the date of the filing of Graziani's complaint and the date of this Court's Agreed Order Modifying the Automatic Stay.  Thus, the Agreed Order Modifying the Automatic Stay is not retroactive with respect to any other acts taken in the Pending Action, including the filing of the motion for default judgment and the entry of the default judgment, thus rendering such acts VOID.

# # #

Distribution:
Robert Koor, Chapter 7 Trustee
Ben Caughey, Attorney for Trustee Koor
Richard Giesel, Attorney for OneBeacon Insurance Co.
Tom Scherer, Attorney for Tina Graziani
NancyJ. Gargula, United States Trustee